UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| R. ALEXANDER ACOSTA, ) <br> Secretary of Labor, ) <br> United States Department of Labor, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EYE CENTERS OF TENNESSEE, LLC; ET. AL ) <br> ) <br> Defendants. ) | Case No. 2:14-cv-0115 <br><br> Chief Judge Crenshaw <br> Magistrate Judge Brown |

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE DEFENDANTS'
WITNESSES DAN HODGES AND RICK JONES AND ACCOMPANYING
IRRELEVANT DOCUMENTS AS TO THEIR INVESTIGATION**

NOW COMES Plaintiff, R. Alexander Acosta, Secretary of Labor ("the Secretary"), pursuant to Rules 401, 602, 802, and 901 of the Federal Rules of Evidence, and moves to exclude any evidence of or reference to the investigations of Dan Hodges and Rick Jones, which Defendants intend to submit in support of their argument that the Plan's payments to parties in interest Daren Mays and Park Street Properties ("PSP") were legally permissible pursuant to the exemptions under Section 408 of ERISA. These issues are not in dispute in this case. This Court has already ruled that none of the Defendants' claimed exemptions apply to the transactions between the Plan and PSP or the Plan and Daren Mays. [Dkt. 58, pp.8-9]. Additionally, Hodges and Jones should not be permitted to testify as they do not have any firsthand knowledge of the facts of this case or the records they evaluated, as required by Fed. R. Evid. 602. Defendants seek to put individuals -- with no personal knowledge of the facts of this case on the stand -- to

1

testify as to a legal conclusion that this Court has already decided. Accordingly, any evidence of or reference to Jones' and Hodges' should be excluded as irrelevant hearsay.

## Background

The Secretary initiated legal action on December 31, 2014 to redress violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§1001 *et seq.* ("ERISA") with respect to the Eye Centers of Tennessee 401(k) Profit Sharing Plan ("the Plan"). The Secretary alleged, among other things, that Defendants caused the transfer of Plan assets totaling $354,281.57 to Mays' company, PSP, between January 9, 2006 and June 19, 2012. [Dkt. 1, ¶¶74-77]. The Secretary also alleged that Defendants caused the Plan to pay $17,077.24 to Charles Daren Mays' ("Daren Mays") company, Upper Cumberland Building Consultants ("UCBC"), between January 2, 2008 and December 31, 2010, while Daren Mays was a party in interest to the Plan (he was employed by ECOTN and a Plan participant during this time). [Dkt. 1, ¶¶78-84]. Further, the Secretary alleged these transfers are prohibited and violate ERISA Sections 406(A)(1)(C) and (D), 29 U.S.C. §§ 1106(A)(1)(C) and (D). In their Answer, Defendants admitted that the Plan made payments to PSP and UCBC, but alleged the payments were reimbursement for "actual expenses incurred" and "materials and related costs." [Dkt. 26, ¶¶77, 83, 84].

On April 29, 2016, the Secretary filed a Motion for Partial Summary Judgment. [Dkt. 52 ;52-1]. In their Response to the Secretary's Motion, Defendants attached declarations from Rick Jones and Dan Hodges. Hodges and Jones are both investigators at Hodges & Associates. Hodges' experience includes working as a Special Agent for the Federal Bureau of Investigation, while Jones worked as an investigator for the National Hockey League and the National Football League. Neither claim to have any knowledge of ERISA. The declarations from Hodges and

2

Jones contained attachments of over 1,400 pages of exhibits to support their claim that the Plan's transactions with PSP and UCBC are not prohibited transactions under ERISA §§406(a)(1)(C) and (D), and 406(b)(1) and (2) as they are exempt under ERISA Section 408(b)(2) and (c)(2), 29 U.S.C. § 1108(b)(2) and (c)(2). [Dkt. 53-6 and 53-7]. On November 10, 2016, this Court granted the Secretary's Partial Motion for Summary Judgment as to the issue of liability for Defendants' violations of ERISA, §§ 404(a)(1)(A) and (B), 406(a)(1)(C) and (D), and 406(b)(1) and (2). [Dkt. 58, p.12]. This Court also ruled that none of the Defendants' claimed exemptions apply to the transactions between the Plan and PSP or the Plan and UCBC. [Dkt. 58, pp.8-10].[1]

## Analysis

**(1) This Court has already ruled on the issue of exemptions under ERISA Section 408; therefore, evidence of or reference to the arguments that support such claimed exemptions are irrelevant and should be excluded under Rule 401.**

Rule 401 defines relevant evidence as having "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. Rule Evid. 401. As to the transactions between the Plan and PSP, this Court held that 408(c)(2) did not apply, as PSP is a party in interest, and that 408(b)(2) was also not applicable in cases of self-dealing. This Court ruled that Defendants failed to meet their burden of proof that payments made to party in interest UCBC met the requirements of Section 408(b)(2). *Id.* Therefore, evidence as to the issue of whether Defendants have met their burden to prove that any of the prohibited transactions qualify for an exemption under ERISA Section 408 is no longer "a fact that is of consequence to the determination of the action" in this matter.

---

[1] The Secretary filed a Motion to Exclude Defendants' Undisclosed Declarations and Exhibits Submitted in Response to Plaintiff's Motion for Summary Judgement. [Dkt.55]. On March 27, 2017, Chief Judge Sharp issued a text order terminating the Motion to Exclude, noting that the Court ruled on the Motion for Partial Summary Judgment. [Dkt. 62]. Following that text order, Defendants amended their Initial Disclosures to include Hodges and Jones.

**(2) Hodges and Jones do not have firsthand knowledge of the facts at issue in this case, or the records they reviewed, and therefore should not be permitted to testify pursuant to Federal Rules of Evidence 602 and 801**

Rule 602 permits a witness to testify to a subject "only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." As evidenced by the declarations of Hodges and Jones, [Dkts. 53-6 and 53-7], these two individuals do not have any firsthand knowledge of the records they describe, or the transactions between as required by Fed. R. Evid. 602. The declarations are devoid of any evidence establishing that they personally know how the documents relate to the Plan, and whether they actually represent valid receipts for work on Plan properties, beyond the self-serving hearsay claim of Defendant Mays that he had receipts of "legitimate expenses associated with the Plan's real properties." [Dkt. 53-7, ¶8]. In fact, Defendant Mays denied that Jones' and Hodges' statements in these declarations were true, as he denied the relevance of the majority of the receipts attached to their declarations.

**(3) Defendant Mays was not able to testify that the records from UCBC are accurate, and admitted that most of the receipts in support of expenses by PSP are not relevant**

Though Hodges and Jones both swore to Defendant Mays' claim that the attached 1,400 documents demonstrated "legitimate expenses associated with the Plan's real properties," Defendant Mays testified to the contrary. When confronted with documents such as receipts for: 1) over $136 worth of food purchased from a Walmart in Panama City Beach, signed by Kiersten Mays (Mays Dep.152 ; ECTN 4764); 2) a taxidermy bill for the mounting of a boar for Daren Mays (ECTN 5524); 3) a latte and a chocolate cookie from a Target in Panama City Beach (ECTN 4765); 4) a veterinary bill to address the ear mites in a pit bill named "Conan," (ECTN 5622); 5) a bill for pest control services for Daren Mays' personal residence (ECTN 5488); and (6) a bill for full detail services for Daren Mays' Green Nissan (ECTN 5604), Mr. Mays denied

4

that Plan money paid any of these expenses. (Mays Dep. 151-153;160-161). Mr. Mays further denied that he had knowledge as to where these documents came from, or why they were produced in this litigation. (Mays Dep.151-157;161). Mr. Mays questioned whether Daren Mays provided accurate records of UCBC's work to Hodges and Jones. (Mays Depo. 157-158). As to the documents that appear to reflect invoices or receipts to UCBC or PSP, Mr. Mays was also not able to articulate how these documents demonstrated the he transferred money from the Plan for legitimate Plan expenses.

For the foregoing reasons, the Secretary respectfully requests that the Court **GRANT** his Motion in Limine to Exclude Dan Hodges and Rick Jones as Witnesses at the trial in this matter, as well as all evidence in support Defendants' argument that Section 408 exemptions apply to the transactions that this Court has ruled are prohibited under Section 406 of ERISA.

Respectfully submitted this 10th day of July, 2017.

ADDRESS:

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA  30303

Telephone:
 (404) 302-5471
 (404) 302-5438 (FAX)
Abreu.jean.c@dol.gov
ATL.FEDCOURT@dol.gov

NICHOLAS C. GEALE
Acting Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

ROBERT M. LEWIS, JR.
Counsel

By: */s/Jean C. Abreu*
    JEAN C. ABREU
    Attorney

Office of the Solicitor
U. S. Department of Labor
Attorneys for Plaintiff

SOL Case No. 14-00763

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2017, I electronically filed the Plaintiff's Motion in Limine with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

>Edward M. Yarbrough
>Alex Little
>Bone McAllester Norton PLLC
>511 Union Street, Suite 1600
>Nashville, TN 37219
>eyarbrough@bonelaw.com
>
>Robert L. Delaney
>TUNE ENTREKIN & WHITE
>315 Deaderick Street, Suite 1700
>Nashville, TN 37238
>rdelaney@tewlawfirm.com
>
>Steven C. Douse
>Kyle D. Watlington
>Larry D. Crabtree
>KING & BALLOW
>315 Union St., Suite 1100
>Nashville,TN 37201
>sdouse@kingballow.com

>By: *s/ Jean C. Abreu*
>       JEAN C. ABREU
>       Trial Attorney
>
>Office of the Solicitor
>U.S. Department of Labor
>61 Forsyth Street, SW
>Suite 7T10
>Atlanta, GA  30303
>Telephone: 404-302-5435
>Facsimile: 404-302-5438
>Email:Abreu.Jean.C@dol.gov
>  ATL.FEDCOURT@dol.gov